IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 8, 2021

## LISA M. AAZAD v. JOHNEY B. AAZAD

**Appeal from the Circuit Court for Knox County**
**No. 149026   Gregory S. McMillan, Judge**
_____

**No. E2020-01020-COA-R3-CV**
_____

The Notice of Appeal filed by the appellant, Lisa M. Aazad, stated that appellant was appealing the judgment entered on July 30, 2020.  As the July 30, 2020 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOHN W. MCCLARTY, J.; D. MICHAEL SWINEY, C.J.; AND KRISTI M. DAVIS, J.

Lisa M. Aazad, Maryville, Tennessee, pro se appellant.

Johney B. Aazad, Knoxville, Tennessee, pro se appellee.

## MEMORANDUM OPINION[1]

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie.  "A final judgment is one that resolves

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case,

all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). The appellant failed to respond to our show cause order.

Specifically, the notice of appeal filed on August 4, 2020, states that the appellant, Lisa M. Aazad, is appealing the judgment entered on July 30, 2020. The July 30, 2020 order, however, does not appear to be a final appealable judgment as it reserved for trial a "show cause."

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc.*, 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the July 30, 2020 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Lisa M. Aazad, for which execution may issue.

**PER CURIAM**